a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLAY RIGGS, Plaintiff | CIVIL ACTION NO. 1:16-CV-1134-P |
| VERSUS | CHIEF JUDGE DRELL |
| Winn Parish Police Department, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Clay Riggs (#060182). (Doc. 1). Plaintiff was granted leave to proceed in forma pauperis on September 6, 2016. (Doc. 13). Plaintiff is a pretrial detainee at the Concordia Parish Correctional Facility in Ferriday, Louisiana. Plaintiff names as defendants Sheriff Crawford Jordan, Officer Stacy Johnson, Officer Jeremy Underwood, Officer Hagan, Officer Womack, Officer Kelley Fannin, and the State of Louisiana. Plaintiff challenges the legality of his detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Plaintiff alleges that he was arrested by the defendants on June 10, 2016. Plaintiff claims that, on June 11, 2016, he prepared an "Affidavit of Denial of Corporate Existence" along with a motion for judgment by default and a "demand for rebuttal."

(Doc. 4, p. 3). Petitioner filed the affidavit and motion in Louisiana's Eighth Judicial District Court.

Plaintiff claims that he is a "natural free man of flesh and blood" and is wrongfully incarcerated. Plaintiff complains that no claims have been made against his "natural body" in the form of an affidavit using his Christian or family name. (Doc. 4, p. 3). Thus, Plaintiff claims that Defendants cannot show "authority for the incarceration of the plaintiff's natural body." (Doc. 4, p. 5).

II. Law and Analysis

Plaintiff seeks injunctive relief to prevent retaliation for filing suit, as well as an investigation "to determine if fraud applies." (Doc. 4, p. 6). It is unclear whether he seeks monetary damages.

To the extent that Plaintiff seeks a release from custody, his claim fails. Such relief is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Plaintiff should amend his complaint and state:

(1) the name(s) of EACH person that allegedly violated Plaintiff's rights;

(2) a description of what each person did to violated Plaintiff's rights;

(3) the place and date(s) that EACH event occurred; and

(4) a description of the injury sustained as a result of EACH alleged violation.

Plaintiff claims that his detention is unlawful because no claims have been made against his "natural body." If Plaintiff is pursuing a false arrest or false imprisonment claim, he must allege that the officers did not have probable cause to arrest him. See

Haggerty v. Texas Southern Univ., 391 F.3d 653, 655-56 (5th Cir. 2004); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001) (constitutional torts of false arrest and false imprisonment require a showing of no probable cause).

Plaintiff states that he was arrested on June 10, 2016. He does not state the reason for the arrest, what charges were brought against him, or the disposition of those charges. Plaintiff should amend his complaint to identify the charges against him from the arrest on June 10, 2016, and state whether he was convicted, or if the charges remain pending. Plaintiff is to allege whether he was arrested pursuant to a warrant, or if a probable cause determination was made following the arrest. Plaintiff should also supply a copy of the arrest report, booking sheet, and any court minutes or orders related to his arrest, detention, and the outcome of those charges.

III. Conclusion

IT IS ORDERED that Plaintiff amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20th day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge