a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLAY RIGGS,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-1134-P |
| VERSUS | CHIEF JUDGE DRELL |
| Winn Parish Police Department,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Clay Riggs (#060182) ("Riggs"). At the time of filing, Riggs was a pretrial detainee at the Concordia Parish Correctional Facility in Ferriday, Louisiana. Riggs has since indicated that he has been released. (Doc. 23). Riggs names as defendants Sheriff Crawford Jordan, Officer Stacy Johnson, Officer Jeremy Underwood, Officer Hagan, Officer Womack, Officer Kelley Fannin, and the State of Louisiana. Riggs challenges the legality of his former detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Riggs claims that he was wrongfully incarcerated as a "natural free man of flesh and blood." He complains that no claims have been made against his "natural body" in the form of an affidavit using his Christian or family name. (Doc. 4, p. 3). Riggs

claims that Defendants cannot show "authority for the incarceration of the plaintiff's natural body." (Doc. 4, p. 5).

## II. Law and Analysis

Riggs was ordered to amend his complaint on September 20, 2016. (Doc. 20). The order was returned to the Clerk on September 29, 2016. (Doc. 22). After a change of address was provided by Riggs, the Clerk mailed the order to the new address. (Doc. 23). The mail was returned as undeliverable on October 19, 2016. (Doc. 24).

Rule 41.3 of the Local Rules for the Western District of Louisiana provides:

> The failure of an attorney or pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than 30 days have passed since the order was returned to the Court a second time, and no correction has been made to Riggs's address. Therefore, Riggs's complaint is subject to dismissal.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Riggs's complaint be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41.3 of the Local Rules for the Western District of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of December, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

3